MOUNTS, APPELLANT, v. DEPARTMENT
OF ADMINISTRATIVE SERVICES
ET AL., APPELLEES.

(No. 84AP-162 — Decided
June 14, 1984.)

Peter A. Precario, for appellant.

Anthony J. Celebrezze, Jr., attorney general, William Scott Lavelle and Mary Joseph Maxwell, for appellees.

MOYER, J. This matter is before us on the appeal of Ivan D. Mounts from a judgment of the Court of Common Pleas of Franklin County affirming an order of the Ohio Personnel Board of Review which affirmed an order of the Department of Administrative Services refusing to place Mounts in the classification of Institution Deputy Superintendent 1 No. 46561 (deputy superintendent).

Mounts asserts the following assignment of error in support of his appeal:

"Where the record indicates that an employee in the classified civil service is performing job duties described by two classification specifications and is substantially performing the job duties in the higher of those specifications the employee is entitled to be classified in the higher of said specifications and it is error on the part of the Personnel Board of Review and the court below to classify the employee in the lower of the two specifications."

The court of common pleas must affirm an order of an administrative agency if the order is supported by probative, substantial and credible evidence (Univ. of Cincinnati v. Conrad [1980], 63 Ohio St. 2d 108, 111 [17 O.O.3d 65] ), and we may reverse a judgment of the trial court in such a case if we determine that the trial court abused its discretion in its review of the agency's order. Akers v. Montgomery Cty. Welfare Dept. (Dec. 29, 1983), Franklin App. No. 83AP-561, unreported. Applying both of those tests to the record in this case, we conclude that the trial court did not abuse its discretion when it affirmed the order of the Personnel Board of Review. The evidence is clear that Mounts was not performing substantially all of the duties of the deputy superintendent classification. Mounts himself testified that he spent eighty-five percent of his time in maintenance and remodeling responsibilities at the institution and that he drafted preliminary drawings for construction projects. He did supervise several inmates and non-inmate laborers and trained totally unskilled inmates to perform certain duties in the institution. However, the first rank in the deputy superintendent classification requires that the employee in that classification spend thirty-five to forty-one percent of the employee's time supervising operational, treatment and security programs

in an adult correctional institution with a resident population of under one thousand.[1] The function description of the classification requires the person to plan, direct and supervise security and/or treatment programs involved in custody and care of inmates and patients and that the employee directly supervise treatment and/or security staff and assist in developing and implementing policies and procedures used in total operation of the institution. The evidence indicates that Mounts had very few of these responsibilities and that his responsibilities were not related to the entire institution but merely to a relatively small number of inmates and employees.

Mounts argues that his training of inmates and employees can be considered a program and, indeed, perhaps is a rehabilitative program for the inmates who work under him. However, he concedes that his interpretation of the classification function and rank descriptions would permit the appointment of a large number of deputy superintendents. It is unlikely that such a result was intended. Furthermore, it is not sufficient that the employee perform merely some of the duties of a higher classification to be placed in that classification. In *Deist* v. *Kent State Univ.* (May 23, 1978), Franklin App. No. 78AP-28, unreported, we held that, where an employee performs duties that overlap two classifications, the employee must be placed in the higher classification if the employee is performing all of the duties in the higher classification. By his own admission, Mounts was not performing substantially all of the duties of the deputy superintendent classification and cannot be placed in the higher classification by performing some of the duties. The assignment of error is not well-taken, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

STRAUSBAUGH and WHITESIDE, JJ., concur.

---

[1] The Columbus Correctional Facility where Mounts worked had an inmate population of over two thousand.