THE STATE, EX REL. ZONE ET AL., APPELLANTS, *v.* CITY OF CLEVELAND
ET AL., APPELLEES.

[Cite as State, ex rel. Zone, *v.* Cleveland (1986), 23 Ohio St. 3d 1.]

(No. 85-775—Decided March 26, 1986.)

*Marcoguiseppe, Pellegrin & Zone, Joan K. Pellegrin* and *Edwin H. Jacobs,* for appellants.

*John D. Maddox,* director of law, *Irving Berger* and *Peter N. Kirsanow,* for appellees.

BROGAN, J. The issue before this court is whether Section 191 of the Charter of the city of Cleveland and Ordinance No. 2356-48 require municipal legislation that city employees in the building trades who are assigned to, and performed, foreman's duties, though not formally ap-

pointed thereto, are entitled to the prevailing rate of pay for foreman established by negotiations between skilled building tradesmen and employers in the private sector. Section 191 of the charter provides:

"* * * The salary or compensation of all other officers and employees [other than unclassified] shall be fixed by the appointing authority * * *. The Council shall by ordinance establish a schedule of compensation for officers and employees in the classified service, which schedule shall be in accordance with the prevailing rates of salary or compensation for such services, shall provide for like compensation for like services * * *."

In December 1948 appellee city adopted Ordinance No. 2356-48 (Municipal Code Section 1.4754), which reads in pertinent part:

"Salaries and compensation of officers and employees of the City of Cleveland, except those required to be fixed by Council, shall be fixed by the appointing authority * * *.

"* * *

"(a) In the case of positions involving the building trades an or- dinance shall be introduced in Council at such time as the prevailing rate is established by negotiations with employers generally in the City of Cleveland, which ordinance, when passed, shall be in effect for a period of one year thereafter."

Appellants rely on *State, ex rel. Pinzone,* v. *Cleveland* (1973), 34 Ohio St. 2d 26 [63 O.O.2d 46], as supporting a mandatory duty to pay wage rates in accord with the prevailing rates in the private sector. Appellants' contention is that, while they have acted as foremen and performed the duties of foremen, they have not been paid the prevailing rate for foremen under the negotiated agreements in the private sector.

In *Pinzone,* this court held in the syllabus that "[a] city charter re- quirement which commands that municipal rates be in accordance with the prevailing wage for similar work in private industry is not an unconstitu- tional delegation of legislative authority, and mandamus will lie to compel the city to comply with such a charter requirement."

In *State, ex rel. Gibbons,* v. *Cleveland, supra,* the city of Cleveland's Civil Service Commission certified the names of eighteen patrolmen of the Cleveland Police Department who had passed the examination and were eligible for promotion to sergeant. The list included the names of ap- pellees.

Prior to that time, the Cleveland City Council had enacted three or- dinances limiting the power of the Cleveland Police Department to fill vacancies in their ranks. As a result, the department could only fill twelve vacancies in the rank of sergeant, although others existed. Appellees were not appointed to any of the vacancies.

Appellees filed a complaint in the Court of Common Pleas of Cuyahoga County seeking a declaration that the three ordinances mentioned above were in violation of the Cleveland City Charter. The complaint also sought, *inter alia,* an order compelling the promotion of appellees, or alternatively

to extend the list which was scheduled to expire, and to compel the city to fill all vacancies arising from the retirement ordinance.

The court of common pleas action resulted in the invalidation of the ordinances. The court ordered the Director of Public Safety to fill the vacancies in the positions of lieutenant and sergeant. Appellees were appointed to the rank of sergeant. Later, appellees initiated an action in mandamus in the Court of Appeals for Cuyahoga County against the city of Cleveland and other officials alleging that they had been wrongfully excluded from their positions as sergeants for the two years previous to their appointment. They sought a writ to compel the payment of wages they would have received if promoted to the rank of sergeant during that time. The court of appeals granted appellees the writ requested. In a *per curiam* opinion we reversed the court of appeals stating at 217:

"Appellants argue that no legal right to back pay can be established *before an appointment has occurred, regardless of the reasons for the failure to appoint. We agree."* (Emphasis added.)

We further held that it was well-settled that mandamus does not lie to compel the granting of benefits conferred by the civil service laws unless it has been established that the employee was appointed to the civil service position in question, citing *State, ex rel. Lynch,* v. *Taylor* (1940), 136 Ohio St. 417 [16 O.O. 577]; *State, ex rel. Baker,* v. *Wichert* (1953), 159 Ohio St. 50 [50 O.O. 26]; *State, ex rel. Brown,* v. *East Cleveland* (1979), 58 Ohio St. 2d 232 [12 O.O.3d 235]; *State, ex rel. Pennington,* v. *Ross* (1980), 63 Ohio St. 2d 58 [17 O.O.3d 36]. Accordingly, we held that appellees had no legal right to the salary and benefits incidental to the rank of sergeant prior to their appointment to the position of sergeant. *Gibbons, supra,* at 217.

Despite our clear-cut holding in *Gibbons* that no legal right to back pay can be established before an appointment has occurred, appellants argue that the *Gibbons* holding can be distinguished from the facts presently before us. Appellants agree that this court in *Gibbons* properly denied the police officers their back pay. They argue that not only were the police officers not appointed as sergeants during the time period they sought back pay, they also were not assigned or expected to perform the duties of sergeant during that two-year time period. Appellants argue their affidavits presented in the court of appeals established they were required to perform duties of foreman, assistant foreman, leadman, and general foreman by their supervisors. In short, appellants contend that a *de facto* appointment to these positions occurred, and to deny them their back pay for services rendered would be violative of the city's charter and its ordinances. Appellants in essence argue a denial of the back pay by this court would give the city a competitive advantage over private industry and fly in the face of this court's holding in *Pinzone, supra.*

Appellees argue that the *Gibbons* decision admits of no such distinction. More importantly, appellees maintain that for this court to accept appellants' position would fundamentally undermine the principle that ap-

pointments in the classified civil service of a municipality must be made in accordance with established civil service statutes designed to ensure merit selection and observance of above-board procedures.

Section 79 of the city charter provides for the separation of the various departments of the city into "divisions," and states that appointments within each division shall be made by the commissioner thereof, provided that the same has been approved by the director of the department. R.C. 124.06 provides, in relevant part, that "no person shall be appointed * * * as an * * * employee in the civil service, in any manner or by any means other than those prescribed in * * * the rules * * * of the municipal * * * civil service commission * * *."

Section 127 of the city charter empowers the commission to make, promulgate and amend rules for, *inter alia,* the appointment of city officials and employees in the classified service. The city charter at Section 128 provides for safeguards to assure the unbiased, above-board and merit-based selection of candidates for positions in the classified civil service. Section 135 of the city charter bars the payment of any salary or wage to any person holding a position in the classified civil service unless the commission has certified that such person has been appointed or employed and is performing service in accordance with the civil service provisions of the charter.

Appellees contend that appellants' *de facto* arguments would enable low-level supervisory employees, either through ignorance or corrupt collusion, to effectively create classifications and make appointments in the classified civil service by "assigning" duties to employees which are outside the scope of the civil service positions to which they have been appointed. Further, appellees maintain that such a result would create utter chaos and undermine the civil service structure at its foundation.

Appellants contend that the absence of formality in appointing them to their positions should not preclude payment of their back wages for duties actually performed by them. They cite *State, ex rel. Alford,* v. *Willoughby* (1979), 58 Ohio St. 2d 221 [12 O.O.3d 229], in support of their position. In *Alford,* this court held, at paragraph one of the syllabus, that "[a] person holding a position within the unskilled labor class of the classified civil service is not denied the protection afforded by R.C. Chapter 124 because of the failure of a civil service commission to promulgate and implement such rules as are necessary for the furnishing of such evidence, or the taking of such test, as the Director of Administrative Services deems proper for the determination of whether the laborer is capable and fitted for performing the work or employment for which he applies."

*Alford* involved the failure of four municipal civil service commissions to establish rules for appointment of unskilled laborers as required by statute. There was no queston in *Alford* as to the fact of appointment but only as to the legitimacy or legality thereof. The employment of the

laborers by the board of education appears to have constituted appointment pursuant to R.C. 124.11(B), which specified that "[t]he classified service shall comprise all persons in the employ of the state * * * and city school districts thereof * * *." The civil service commissions did not, in compliance with the statutory mandate, establish rules for the criteria of hiring or appointment to classified service of unskilled laborers. This court at 227 stated that "[t]he commissions' failure to execute the duties imposed upon them by statute should not place appellants outside the protection of the civil service laws."

*Alford's* relevance would be more apparent had the action herein sought prospective relief, *i.e.,* directing appellees to establish foreman classifications within the classified service for the categories in question. Such is not the case. In *Curtis* v. *State, ex rel. Morgan* (1923), 108 Ohio St. 292, this court held in paragraph four of the syllabus:

"The fundamental purpose of civil service laws and rules is to establish a merit system, whereby selections for appointments in certain branches of the public service may be made upon the basis of demonstrated relative fitness, without regard to political considerations, and to safeguard *appointees* against unjust charges of misconduct and inefficiency, and from being unjustly discriminated against for religious or political reasons or affiliations. * * *" (Emphasis added.)

The appellants claim that they were assigned tasks outside the civil service classifications to which they were formally appointed during periods going back six years (Zone), ten years (Miller), sixteen years (Allen), twenty-two years (Battaglia), four years (Meredith), five years (Barrett), twelve years (Crisboli). It strains the imagination to believe these appellants were unaware of their entitlement to higher pay for the performance of duties as foreman per the collective bargaining agreement. Additionally, in the case of a municipality or similar government entity, the duties pertaining to job classifications are established, typically (and in the instant city) by a civil service commission. Thus, a civil servant who is assigned by a supervisor to perform tasks outside the classification to which he has been formally appointed, and in accordance with which his wages are determined and paid, is on notice of the lack of authority conferred upon the supervisor by the governmental entity to create different classifications or to make such appointments.

We agree with appellees that *Gibbons* creates a "bright line" between appointment and other statuses, and it establishes a prophylactic rule which bars the assertion of back-pay claims as those asserted here. Further, to allow appellant's claims would undermine the fundamental purpose of civil service legislation.

For these reasons, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

SWEENEY, HOLMES, C. BROWN and WRIGHT, JJ., concur.

CELEBREZZE, C.J., concurs in judgment only.

DOUGLAS, J., dissents.

BROGAN, J., of the Second Appellate District, sitting for LOCHER, J.