DEPARTMENT OF MENTAL RETARDATION AND DEVELOPMENTAL DISABILITIES, APPELLEE, *v.* DEPARTMENT OF ADMINISTRATIVE SERVICES ET AL., APPELLEES; MCGRADY, APPELLANT.

(No. 87AP-618—Decided February 16, 1988.)

*Anthony J. Celebrezze, Jr.*, attorney general, and *Barbara A. Serve,* for appellee Department of Mental Retardation & Dev. Disabilities.

*Reid, Johnson, Downes, Andrachik & Webster* and *Jonathan J. Downes,* for appellant.

REILLY, J. This is an appeal from a judgment of the Franklin County Court of Common Pleas.

Appellant, Cornelius McGrady (hereinafter "appellant"), seeks to be reclassified from his present classification of Examiner 3 to an Examiner 4 position. Appellant is employed by appellee Department of Mental Retardation and Developmental Disabilities (hereinafter "appellee"). Appellee Department of Administrative Services (hereinafter "DAS"), after conducting position audits of appellant and another similarly situated employee, reclassified appellant to an Examiner 4 position.

Thereafter, the administrative law judge (hereinafter "referee") for the State Personnel Board of Review (hereinafter "SPBR") recommended that appellant remain classified as an Examiner 3. The referee found, in relevant part, that:

"The primary distinction between the specification for Examiner 3 and the specification for Examiner 4 appears in the second rank of the specification for Examiner 4. This rank, which requires the planning, direction, and coordination of activities of lower level examiners, is not found within the specification for Examiner 3."

The referee also stated in the report:

"The issue raised by these appeals is whether Messrs. McGrady and Gibson may be reclassified to the reclassification Examiner 4 even though they do not perform duties required by the classification specification for Examiner 4. * * *"

The referee was referring in the report to supervisory duties required by the Examiner 4 specification.

The primary basis for the referee's recommendation that appellant remain classified as an Examiner 3 was the finding that appellant did not perform "supervisory duties as required by the second rank of the classification specification for Examiner 4." The SPBR adopted the referee's recommendation and ordered that appellant be reclassified as an Examiner 3.

The trial court found that the SPBR's decision was supported by reliable, substantial and probative

evidence, and adopted the rationale of the referee's finding: "The record supports the determination that Appellants do not perform the necessary supervision to be placed in the classification of Examiner 4. * * *"

Appellant advances the following assignment of error:

"The lower court erred as a matter of law in upholding the order of the State Personnel Board of Review where Appellant performed duties listed in two classifications, but was classified in the lower classification."

Appellee contends that the case of *Mounts* v. *Dept. of Adm. Services* (1984), 17 Ohio App. 3d 125, 17 OBR 188, 477 N.E. 2d 463, is dispositive because before an employee can be placed in a higher classification, the employee must be performing substantially all of the duties of the higher classification. Appellee maintains that since appellant does not engage in supervisory duties required by the Rank 2 specification for an Examiner 4, he does not substantially perform all of the duties of the Examiner 4 position. Thus, appellee asserts that SPBR properly ordered appellant reclassified to his former Examiner 3 position.

Nevertheless, only if appellant performs all of the requirements of an Examiner 3 is a determination then made as to whether he substantially performs all of the duties of the higher classification. When an employee, however, does not perform all of the requirements of the lower classification and performs duties in the higher classification not required of the lower classification, the employee must be placed in the position which most nearly matches his or her actual job duties. See *Smock* v. *Ferguson* (Dec. 17, 1981), No. 81AP-677, unreported; *Riestenberg* v. *Dept. of Adm. Services* (Nov. 13, 1986), Nos. 86AP-499 to 86AP-506, unreported.

The referee did not determine whether appellant performed all of the Examiner 3 duties, but merely concluded that since he did not perform certain supervisory duties required of an Examiner 4, he was improperly reclassified by DAS to the upgraded classification. The referee, however, did not make an initial determination as to whether appellant performed all of the requirements of the lower classification.

The primary distinction in the function statements between an Examiner 4 and an Examiner 3 is that the former conducts "audits" while the latter conducts "pre-audits." This distinction is also reflected in the Rank 1 duties of the respective classifications. The DAS technician who performed appellant's position audit recommended that appellant be reclassified to the position of an Examiner 4 essentially based upon the fact that he performed audits which involve most of his work.

The report of the referee stated only that appellant performed audits. Appellee argues that there is no distinction between a pre-audit and an audit. Nevertheless, it was appellee's burden before SPBR to demonstrate that contention. Moreover, appellee's argument cannot be reconciled with the fact that the distinguishing factor between the function statements of an Examiner 4 and an Examiner 3 is that the former conducts audits while the latter conducts pre-audits only. Without that distinction, the separate classifications would be meaningless.

Considering the record, it must be assumed that appellant did not perform pre-audits as required of an Examiner 3, but instead performed audits required only of an Examiner 4. Therefore, appellant should be placed in that classification which his job duties most nearly matched. See *Smock, supra,* and *Riestenberg, supra.* Hence, the trial court's reliance upon the fact that

appellant did not perform supervisory duties required of an Examiner 4 is not determinative and it was error to base the decision on that conclusion.

Thus, appellant's assignment of error is sustained. The decision of the trial court is reversed and remanded with the instruction that the court remand the cause to the State Personnel Board of Review for a rehearing consistent with this opinion and in accordance with law.

*Judgment reversed and cause remanded.*

WHITESIDE and BOWMAN, JJ., concur.

WHITESIDE, J., concurring. Although I concur generally in the opinion and judgment, some additional observations are pertinent. The appellant-employee, Cornelius McGrady, his supervisor, the personnel technician who made the job audit, and the Department of Administrative Services, all agree that McGrady is, and has been, performing the duties of an Examiner 4, rather than an Examiner 3, and should be so classified. The State Personnel Board of Review hearing officer recommended rejection of the determination of the administrators and technicians most familiar with McGrady's job duties, and the job specification, solely upon the basis that McGrady does not perform supervisory duties which task is one, but not the only, job duty specified in Rank 2 of the job specification for Examiner 4.

There is apparently no dispute but that McGrady performs the duties of Rank 1 of the job specification to which an Examiner 4 must devote at least fifty percent and may devote as much as seventy percent of his time. The un-disputed evidence is that McGrady does devote some of his work time to Rank 2 duties, but probably not the minimum sixteen percent specified. For example, it is indicated that McGrady spends at least two percent of his time training and advising new or less knowledgeable personnel which is a job duty within Rank 2 of the Examiner 4 job specification.

On the other hand, not only does McGrady not perform pre-audits which task is an essential duty of an Examiner 3, but he also does not make changes to the material submitted in connection with pre-audits. In addition, an Examiner 3 works "[u]nder general supervision of Examiner Supervisor" while an Examiner 4 works only "[u]nder general direction of Examiner Supervisor." The evidence indicates that McGrady worked under general direction rather than under general supervision.

Thus, there was no evidence, much less reliable, probative evidence, supporting the recommendation of the hearing officer whose recommendation was adopted by the State Personnel Board of Review. The difficulty with the hearing officer's determination was that it was assumed that there is no distinction between an audit and a pre-audit since the hearing officer stated that the duties of the first ranks of the two specifications "are substantially identical," not recognizing the substantial difference between classifications both as to degree of responsibility and expertise and as to the nature of the work performed. What is really revealed by the job audits and the evidence is that McGrady does not perform the duties of Rank 1 of the job specification for Examiner 3, but instead performs the job duties set forth in Rank 1 of the job specification for Examiner 4. Accordingly, I concur in the judgment.