BENSON, Appellant,

v.

CITY OF FAIRFIELD, Appellee.

[Cite as *Benson v. Fairfield* (1994), 94 Ohio App.3d 458.]

Court of Appeals of Ohio,
Butler County.

No. CA93–08–165.

Decided May 2, 1994.

*Holbrock, Jonson, Evans & Olivas* and *Timothy R. Evans,* for appellant.
*John H. Clemmons,* Fairfield City Law Director, for appellee.

WILLIAM W. YOUNG, Judge.

Plaintiff-appellant, Gary Benson, appeals the judgment of the Butler County Court of Common Pleas in favor of defendant-appellee, the city of Fairfield. Benson argues under his sole assignment of error that the trial court erred in granting summary judgment against him.

Benson, a Fairfield police officer, filed a complaint against the city on September 1, 1992 demanding a promotion to the rank of sergeant retroactive to September 1984, with full sergeant's back pay and benefits. He alleged in his complaint and in an affidavit that in 1984, the Fairfield Chief of Police assigned him duties which had previously been performed by a sergeant. He claims that when he was removed from those duties in 1991, they were again reassigned to a sergeant except for one duty that was reassigned to a lieutenant.

The city filed a motion for summary judgment along with a supporting affidavit from Lorraine M. Pieper, Fairfield Civil Service Commission Clerk, stating that Benson was never appointed to the position of sergeant, provisionally or otherwise. The trial court granted the city's motion for summary judgment on July 30, 1993. The court concluded that Benson was not officially appointed as a sergeant, that he had been on notice of the police chief's lack of authority to appoint him as a sergeant, and that he did not provide any information regarding the official duties of patrolmen and sergeants to support his argument concerning reclassification.

Benson argues on appeal that there is a question of fact as to whether he was provisionally appointed "de facto" to the rank of sergeant when he was assigned the duties of a sergeant in 1984. He contends that such a "de facto" appointment would become permanent after two years under R.C. 124.271.

R.C. 124.271 provides that a classified civil servant who is provisionally appointed to fill a vacancy and who remains in that provisional status for two years becomes a permanent appointee. However, R.C. 124.27 lays out detailed procedures which must be followed in order to appoint an individual to a position in the classified service regardless of whether that position is certified or provisional. The city's affidavit from the Fairfield Civil Service Commission

Clerk stated that Benson was never provisionally appointed to the position of sergeant. Benson's only evidence that he was appointed to that position was an affidavit stating that he performed a sergeant's duties, and a list of the duties he performed.

Two Ohio Supreme Court cases support the trial court's decision to grant the city's motion for summary judgment. In *State ex rel. Gibbons v. Cleveland* (1984), 9 Ohio St.3d 216, 9 OBR 526, 459 N.E.2d 892, the Supreme Court held that the plaintiffs, city patrolmen, had no right to back pay and benefits before their promotion, despite a court determination that municipal ordinances which had prevented their promotion earlier were invalid. In *State ex rel. Zone v. Cleveland* (1986), 23 Ohio St.3d 1, 23 OBR 1, 490 N.E.2d 600, the Supreme Court reaffirmed that no legal right to back pay can be established before an appointment has occurred, regardless of the reasons for the failure to appoint. The Supreme Court stated that its decision in *Gibbons* "creates a 'bright line' between appointment and other statuses, and it establishes a prophylactic rule which bars the assertion of back-pay claims as those asserted here." *Id.* at 6, 23 OBR at 5, 490 N.E.2d at 605.

In the *Zone* case, the plaintiffs tried to distinguish *Gibbons* by arguing that they had been appointed "de facto" to a higher job classification because they performed the duties of that classification. The Supreme Court rejected this theory and stated that:

"[A] civil servant who is assigned by a supervisor to perform tasks outside the classification to which he has been formally appointed, and in accordance with which his wages are determined and paid, is on notice of the lack of authority conferred upon the supervisor by the governmental entity to create different classifications or to make such appointments." *Id.*, 23 Ohio St.3d at 6, 23 OBR at 5, 490 N.E.2d at 605.

Although the plaintiffs in *Gibbons* and *Zone* only sought back pay, and reclassification was not at issue, the reasoning behind those cases applies not only to Benson's claim for back pay and benefits, but also to his claim that he should be placed in a higher job classification, *i.e.*, sergeant. See *Goldschmidt v. Cincinnati* (Aug. 28, 1991), Hamilton App. No. 900522, unreported, at 5–6, 1991 WL 169142.

In *Goldschmidt*, the First District Court of Appeals held that the benefits conferred by the civil service laws cannot be granted to an employee unless that employee can establish that he was "appointed" to the position at issue. *Id.* at 4–5, citing *Gibbons, supra.* The court granted summary judgment against the plaintiff in that case, after concluding that a memorandum from the plaintiff's supervisor announcing the plaintiff's "appointment" to a higher job classification

was not sufficient to overcome noncompliance with the civil service laws governing appointment and job classification.

Job classification and appointment of civil servants is governed by R.C. Chapter 124. R.C. 124.06 provides in pertinent part that: "[N]o person shall be appointed * * * in the civil service, in any manner or by any means other than those prescribed in this chapter, and the rules of the director of administrative services or the municipal * * * civil service commission within their respective jurisdictions."

Benson's claim of "de facto" appointment cannot withstand summary judgment. As mentioned above, R.C. 124.27 details the procedures that must be followed before an employee can be appointed, provisionally or otherwise, to a position in the classified civil service. After the city introduced evidence that Benson was never appointed to the rank of sergeant, it was incumbent upon Benson to introduce evidence that he was in fact appointed pursuant to the civil service code.

The civil service code does not recognize "de facto" appointment, nor should the courts. To hold otherwise would permit low level supervisors to make "appointments" in the classified civil service, either through ignorance or collusion, by assigning duties to employees which are outside the scope of the civil service positions to which those employees had been originally appointed or hired. See *Zone, supra*, 23 Ohio St.3d at 5, 23 OBR at 4, 490 N.E.2d at 603–604.

A civil servant who is ordered to perform duties outside a job classification is not without remedy. R.C. 124.14 addresses job classification and the assignment of pay ranges. R.C. 124.14(D) provides in part that any classified employee not serving in a probationary period may request a job audit to review the classification of that employee's position. The employee is entitled to a hearing, on the results of the job audit, before the State Personnel Board of Review, and after the hearing, the board must consider the employee's classification anew. *Id.*

Appellant's reliance on *Ohio Dept. of Mental Retardation & Dev. Disabilities v. Ohio Dept. of Adm. Serv.* (1988), 44 Ohio App.3d 144, 541 N.E.2d 1064, and *Hartzog v. Ohio State Univ.* (1985), 27 Ohio App.3d 214, 27 OBR 254, 500 N.E.2d 362, is misplaced. These cases involved the reclassification of state employees' positions after position audits were conducted. In both cases the employee appealed from the State Personnel Board of Review's decision to either adopt or reject the recommendation arising out of the position audit. Neither case addressed the issue of "de facto" appointment and promotion as is alleged in this case.

The trial court correctly granted appellee's motion for summary judgment. Appellant introduced no evidence to rebut the city's assertion that he was never

appointed, provisionally or otherwise, to the rank of sergeant. Appellant's sole assignment of error is overruled.

*Judgment affirmed.*

FRED E. JONES, P.J., and KOEHLER, J., concur.