OPINION
Relator, Stanley Gay, has filed a complaint for a writ of mandamus through which he seeks an order from this Court which requires the respondent, the Cuyahoga County Board of County Commissioners, to: 1) reclassify the relators employment status to "Personnel Administrator 3"; 2) adjust the relator's current salary to reflect his pay grade and years of service; and 3) recalculate a prior award of back pay and salary increases. The relator also seeks the award of attorney fees. The relator has filed a motion for summary judgment with exhibits and a supporting brief. In addition, the respondent has filed a motion to dismiss and/or motion for summary judgment and supporting brief which this Court shall treat solely as a motion for summary judgment. For the following reasons, we grant the respondent's motion for summary judgment and deny the relator's motion for summary judgment.
The following facts have been gleaned from the relator's amended complaint for a writ of mandamus, the relators motion for summary judgment with attached exhibits and affidavits, the respondent's motion for summary judgment with attached exhibits and affidavits, and the depositions as filed by the relator:
1) The relator was originally employed by the respondent in April of 1990.[1]
2) The relator, upon employment by the respondent, was assigned to the position of "Recruitment Specialist."
3) In 1991, the respondent elected to assume the powers, duties and responsibilities held by the Ohio Department of Administrative Service.
4) A comprehensive classification and compensation plan, based upon various grades and seven steps within each grade, was developed by the respondent.
5) The newly developed classification and compensation plan was approved by the State Personnel Board (SPB) and initially implemented in October of 1994.
6) All non-bargaining employees were classified and assigned to a specific pay grade and step.
7) Effective October 2, 1994, the relator was initially classified as a "Recruitment Specialist" with a pay grade of eight which resulted in compensation at the rate of $16.21 per hour.
8) On November 6, 1995, the relator was reclassified and assigned the classification of "Program Officer 2" with a pay grade of eight which resulted in compensation at the rate of $16.21 per hour.
9) The relator appealed the reclassification of November 6, 1995, to the State Personnel Board of Review (SPBR).
10) On October 27, 1997, the SPBR issued a Report and Recommendation, as drafted by Administrative Law Judge Jeannette E. Gunn, which provided that the respondent "reclassify the appellant's position to Personnel Administrator 3, classification number 1053633, effective retroactively to October 2, 1994."
11) On December 18. 1998, the SPBR adopted the Report and Recommendation, as drafted by Administrative Law Judge Jeannette E. Gunn, and ordered that the "appellant be reclassified Personnel Administrator 3, class number 1053633, effective October 2, 1994."
12) On January 13, 1998, the respondent reclassified the relator to "Personnel Administrator 3", retroactive to October 2, 1994, and further awarded back pay in the amount of $15,399.28.
13) On October 10, 1998, the relator filed his complaint for a writ of mandamus.
14) On October 14, 1998, an amended complaint for a writ of mandamus was filed through which the relator prayed for the following relief: (A) compel the respondent to properly reclassify the relator to the position of "Personnel Administrator 3", retroactive to October 2, 1994; (B) adjust the relator's current salary to reflect the retroactive aspect of the order of the SPBR; (C) command the respondent to recalculate the prior award of back pay as ordered by the SPBR; (D) grant the relator pre-judgment and post-judgment interest; (E) recover the relators costs from the respondent; and (F) the relator be awarded attorney fees.
15) On October 29, 1998. the respondent filed a motion to dismiss or, in the alternative, motion for summary judgment;
16) On December 2, 1998, this Court sua sponte granted the relator sixty (60) days in which to conduct discovery in order to properly respond to the respondent's motion to dismiss or, in the alternative, motion for summary judgment.
17) On February 9, 1999, the relator filed a motion for summary judgment and supporting brief and a brief in opposition to the respondents motion to dismiss or, in the alternative, motion for summary judgment.
18) On February 19, 1999, the respondent filed a brief in opposition to the relator's motion for summary judgment and further filed a reply brief in support of the original motion to dismiss or, in the alternative, motion for summary judgment.
19) On February 25, 1999, the relator filed a reply brief.
20) On March 1, 1999, this Court granted the respondents motion to strike the relator's reply brief.
For the following reasons, this Court grants the respondent's motion for summary judgment and denies the relators motion for summary judgment.
In order for this Court to issue a writ of mandamus, the relator must establish each prong of the following three part test:
1) the relator possesses a clear legal right to the relief requested; 2) the respondent possesses a clear legal duty to perform the requested act; and 3) the relator possesses no plain and adequate remedy at law. State ex rel. Carter v. Wilkinson
(1994), 70 Ohio St.3d 65; State ex rel. Bardo v. Lyndhurst
(1988), 37 Ohio St.3d 106; State ex rel. Westchester Estates,Inc. v. Bacon (1980), 61 Ohio St.2d 42. Prior to granting a motion for summary judgment, this Court must determine that: 1) there exists no genuine issue as to any material fact; 2) the moving party is entitled to judgment as a matter of law; and 3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving part, that conclusion is adverse to the nonmoving part. State ex rel. Cassels v. Dayton city School Dist.Bd. of Edn. (1994), 69 Ohio St.3d 217.
Upon examination of the relator's amended complaint for a writ of mandamus, the parties briefs in support of their respective motions for summary judgment, the exhibits attached to the parties briefs, and the depositions as filed by the relator, this Court finds that the relator has failed to establish that he possesses a clear legal right to the relief requested. In addition, this Court finds that the relator has failed to establish that the respondent possesses a clear legal duty to: 1) reclassify the relator, retroactive to October 2, 1994, to the position of "Personnel Administrator 3"; 2) adjust the relator's current salary to the correct pay grade and step; and 3) recalculate the amount of back pay originally awarded to the relator.
The record before this Court clearly discloses that on January 13, 1998, the relator was reclassified to the position of "Personnel Administrator 3" and the reclassification was made retroactive to October 2, 1994. Thus, the relator's initial request, reclassification to the employment status of "Personnel Administrator 3", is moot. State ex rel. Gantt v. Coleman (1983),6 Ohio St.3d 5; State ex rel. Jerningham v. Cuyahoga County Courtof Common Pleas (1996), 74 Ohio St.3d 278.
Further consideration of the parties briefs in support of their respective motions for summary judgment, the exhibits and affidavits attached to the motions for summary judgment, and the depositions as filed by the relator, fails to establish the claim that the respondent improperly calculated the relator's pay grade and step. The respondent, upon application of the classification procedures in effect at the time of the reclassification order of the SPBR, properly placed the relator in pay grade fourteen (14), step two (2). Additionally, we find that the relator has failed to demonstrate that the respondent's calculation of back pay in the amount of $15,399.28, as based upon placement in pay grade fourteen (14), step two (2), was improper. State ex rel. Bednarv. N. Canton (1994), 69 Ohio St.3d 278; State ex rel. Baran v.Fuerst (1990), 55 Ohio St.3d 94; State ex rel. Bush v. Spurlock
(1989), 42 Ohio St.3d 77; State ex rel. Durkin v. Ungaro (1988),39 Ohio St.3d 191; State ex rel. Bardo v. Lyndhurst (1988),37 Ohio St.3d 106; State ex rel. Zone v. Cleveland (1986), 23 Ohio St.3d 1; State ex rel. Karmasu v. Tate (1992), 83 Ohio App.3d 199.
Finally, the relator is not entitled to attorney fees since the conduct of the respondent did not involve bad faith or behavior that was vexatious, wanton, obdurate or oppressive. Sorin v. Bd.of Edn. (1976), 46 Ohio St.2d 177.
Accordingly, we grant the respondent's motion for summary judgment and deny the relator's motion for summary judgment. Judgment is entered for respondent. Relator shall bear costs.
Writ denied.
MICHAEL J. CORRIGAN, JUDGE.
[1] "In addition to the briefs of the parties, the attached exhibits, and the depositions filed with this Court, which demonstrate that the relator was directly employed by the respondent and an employee of the respondent, counsel for the relator (David G. Oakley) stated and acquiesced, at a Guidelines Hearing as held by this Court on February 25, 1999, to the position that the relator was employed by the respondent and thus not an employee of the Cuyahoga County Department of Human Services Department.
O'DONNELL, P.J. and SWEENEY, JAMES D., J., CONCUR.