MARSHALL, APPELLEE, *v.*
CITY OF COLUMBUS ET AL., APPELLANTS.

[Cite as Marshall v. Columbus (1980), 61 Ohio St. 2d 353.]

(No. 79-1120—Decided March 26, 1980.)

*Mr. Robert P. DiRosario,* for appellee.

*Mr. Gregory S. Lashutka,* city attorney, *Mr. Patrick M. McGrath* and *Mr. Donald R. Keller,* for appellants.

*Per Curiam.* In *State, ex rel. Martin,* v. *Columbus* (1979), 58 Ohio St. 2d 261, paragraph two of the syllabus, this court held that a civil service employee who is unlawfully discharged is entitled to his lost compensation, but "is subject to have his claim reduced by the amount he earned, or in the exercise of due diligence, could have earned in appropriate employment during the period of exclusion." In the third paragraph of the syllabus in *Martin, supra,* we held that this question of mitigation of damages "is an affirmative defense and the burden of proof on that issue resides upon the employer responsible for the wrongful discharge." Thus, the issue before us is whether appellant city of Columbus has met its burden of proof.

Assuming, *arguendo,* that appellee did not exercise due diligence in seeking appropriate other employment, the burden is on appellant to establish what appellee could have earned in appropriate other employment. The record shows that Marshall was unlawfully discharged from the Columbus Department of Public Safety, Division of Fire, on the same day he graduated from the Columbus Fire Training Academy; that he placed third on Westerville's firefighter civil service examination, but was not hired; that of the numerous individuals who took firefighter civil service examinations in Whitehall, Washington-Perry Township, and Grandview Heights, only 22 or 23 were ultimately hired; and that at the time Marshall could have competed for these latter positions he was suing appellant for reinstatement. Given these facts, we must agree that appellant has not met its burden of proof in establishing what appellee could have earned in appropriate employment if he had exercised due diligence.

Accordingly, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C. J., HERBERT, W. BROWN, P. BROWN, SWEENEY and LOCHER, JJ., concur.

HOLMES, J., dissenting. I dissent from the majority herein because the record clearly establishes that the appellee had not exercised a reasonable degree of diligence in seeking other appropriate employment. Here it was shown that a number of other municipalities had conducted examinations for firefighter positions, but that the appellee had not chosen to compete for these positions.

The fact that he was, during such period, involved in litigation attempting to be reinstated provides no reasonable excuse for not competing for such other positions. Further, it appears that in 1976, the appellee had made his decision to change his vocational approaches by becoming a full-time law student at Ohio State University which seems to be inconsistent with his continued availability for employment as a firefighter, or other full-time employment. However, appellee conceivably could have worked additional part-time in order to mitigate any claimed lost wages.

It is my conclusion that the city of Columbus had met its burden in showing an absence of due diligence on the part of this appellee to mitigate the claim for lost wages.