200

THE STATE, EX REL. COLANGELO, APPELLANT, *v.*
MCFAUL, SHERIFF, APPELLEE.

[Cite as State, ex rel. Colangelo, v. McFaul (1980),
62 Ohio St. 2d 200.]

(No. 79-1394—Decided May 21, 1980.)

*Messrs. Lucas, Prendergast, Albright, Gibson, Newman &
Gee, Mr. James E. Melle* and *Mr. John F. Gillespie,* for appellant.

*Mr. John T. Corrigan,* prosecuting attorney, and *Mr.
David A. Williamson,* for appellee.

*Per Curiam.*   Appellant alleges that the Court of Appeals erred when it held that appellee had no clear legal duty to pay past compensation since the State Personnel Board of Review made no ruling concerning it and that she had an adequate remedy at law for it by commencing a separate action.

We agree. "An action in mandamus is maintainable by a reinstated public employee to recover compensation due him for the period of time during which he was wrongfully excluded from his employment, provided the amount recoverable is established with certainty." *State, ex rel. Martin,* v. *Columbus* (1979), 58 Ohio St. 2d 261, paragraph one of the syllabus. We also agree with appellant that the Court of Appeals erred in not ruling on her request for attorney's fees. See *Sorin* v. *Bd. of Edn.* (1976), 46 Ohio St. 2d 177.

Accordingly, the judgment of the Court of Appeals as to the questions of back pay and attorney's fees is reversed and the cause remanded to that court for further proceedings.

*Judgment reversed in part*
*and affirmed in part,*
*and cause remanded.*

CELEBREZZE, C.J., HERBERT, W. BROWN, P. BROWN, SWEENEY, LOCHER and HOLMES, JJ., concur.