THE STATE, EX REL. CROCKETT, APPELLEE AND
CROSS-APPELLANT, *v.* ROBINSON, DIR., ET AL.,
APPELLANTS AND CROSS-APPELLEES.

[Cite as State, ex rel. Crockett, v. Robinson (1981),
67 Ohio St. 2d 363.]

(No. 80-1691—Decided July 29, 1981.)

364

*Messrs. Berkman, Gordon, Murray & Palda, Mr. Bernard A. Berkman* and *Mr. J. Michael Murray,* for appellee and cross-appellant.

*Mr. Thomas E. Wagner,* director of law, *Mr. Mark I. Wallach* and *Ms. Marilyn G. Zack,* for appellants and cross-appellees.

*Per Curiam.*

## I.

The first issue presented is whether relator is entitled to

a writ of mandamus[1] to compel respondents to award him back pay where he has been reinstated[2] to his position with the city government, on the basis that the civil service commission failed to timely file its record with the Court of Common Pleas as mandated by R. C. 119.12.

R. C. 119.12 provides, in part, that "[w]ithin thirty days after receipt of notice of appeal from an order in any case wherein a hearing is required by sections 119.01 to 119.13 of the Revised Code, the agency shall prepare and certify to the court a complete record of the proceedings in the case. *Failure of the agency to comply within the time allowed, shall, upon motion, cause the court to enter a finding in favor of the party adversely affected.*" (Emphasis added.)

The language of the statute is clear; if the agency fails to comply, then the court must enter a finding in favor of the party adversely affected. The statute entitles the party to be put in the same position as if the court had ruled on the merits. Under the facts of this case, the court was required to issue an order of reinstatement, which, in itself, is a determination that the employee was wrongfully excluded from employment.

The statutory requirement of R. C. 119.12 when coupled with the well-established precedent that "[a]n action in mandamus is maintainable by a reinstated public employee to recover compensation due him for the period of time during which he was wrongfully excluded from his employment, provided the amount recoverable is established with certainty," *State, ex rel. Martin,* v. *Columbus* (1979), 58 Ohio St. 2d 261, paragraph one of the syllabus; see, also, *State, ex rel. Colangelo,* v. *McFaul* (1980), 62 Ohio St. 2d 200; *Marshall* v. *Columbus* (1980), 61 Ohio St. 2d 353, entitles relator to reinstatement and back pay.

Respondents also argue that relator is not entitled to a

---

[1] To demonstrate that he is entitled to a writ of mandamus, relator must show (1) that he enjoys a clear legal right to the relief for which he prays, (2) that respondents are under a clear legal duty to perform the act demanded by relator, and (3) that relator has no plain and adequate remedy in the ordinary course of law. *State, ex rel. Pressley,* v. *Indus. Comm.* (1967), 11 Ohio St. 2d 141; *State, ex rel. National City Bank,* v. *Bd. of Edn.* (1977), 52 Ohio St. 2d 81.

[2] The issue of whether relator's reinstatement was proper is not before this court.

writ of mandamus awarding him back pay because the city neither had a legal duty to compensate relator for the period of his discharge nor did it have a duty to pay relator while he was actually working. Respondents' contention that the city had no legal duty to pay because relator's position was not included in a salary schedule established by ordinance is without merit.

Prior to his discharge, relator held the position of an "EEO Officer." The position of an "EEO Officer" is not a civil service classification, but rather a job title under the civil service classification of "Contract Compliance Officer," which is listed in the city ordinance setting pay schedules for employees in the classified civil service. Indeed, relator received payment during his tenure without incident. Moreover, respondents stipulated at the hearing before the master commissioner that relator was lawfully employed in the classified civil service prior to his discharge.

## II.

This court must next determine the amount of back pay to which relator is entitled. More specifically, it must be determined whether relator proved he was entitled to "across the board salary increases" given to most city employees, during the period he was wrongfully discharged.

This court in *Monaghan* v. *Richley* (1972), 32 Ohio St. 2d 190, at page 195, stated that "[t]he amount recoverable is, of course, the amount of compensation the employee would have received had he not been wrongfully excluded from his employment, which amount is subject to reduction '***by the amount he earned or in the exercise of due diligence could have earned in appropriate employment during the period of exclusion.' *State, ex rel. Wilcox,* v. *Woldman, supra* (157 Ohio St. 264), paragraph one of the syllabus."

As such, the relator, in order to recover back pay, must show what salary would have been fixed for him during the period in which he was wrongfully excluded from employment. In this case, relator proved by testimony, by an exhibit, and by stipulation that he would have received a salary award which included the salary increases.

Relator offered in evidence a document prepared by the

administrative payroll supervisor for HRED, which was directed to the acting director who was relator's appointing authority at the time of his reinstatement. The acting director testified that this memorandum, a record maintained by the city of Cleveland, reflected the salary relator would have earned during each of the years of his exclusion from the city's employment. According to another exhibit and the testimony of the acting director, relator's salary would have been fixed at $84,783.44 for the period of his exclusion from employment.

This evidence was consistent with and corroborative of a stipulation entered that relator's salary would have been $84,783.44 during the period of exclusion, assuming that relator "***would have received the 'across the board increases' given to most city employees, as he probably would have***." The respondents did not offer evidence to demonstrate that, in fact, relator's salary would have been fixed at a lesser amount.

Thus, in finding that relator's salary would have been $84,783.44, the Court of Appeals merely gave recognition to relator's unrebutted evidence showing that the appointing authority would have fixed relator's salary for the period in question at $84,783.44. The relator proved that his salary would have been set at $84,783.44, and thus he has a clear right to that amount, reduced by his other earnings, by an action in mandamus. *Monaghan* v. *Richley, supra; State, ex rel. Martin,* v. *Columbus, supra.*

### III.

The next issue presented is whether, in a mandamus action brought by a reinstated municipal employee to recover back pay, a court may adjudge interest on the back pay award.

In *State, ex rel. Bruml,* v. *Brooklyn* (1943), 141 Ohio St. 593, 599, this court stated that "***the courts of this state have adopted the general view that a municipality is liable for interest on its obligations the same as a natural person. *City of Cincinnati* v. *Whetstone,* 47 Ohio St., 196, 24 N.E., 409; *Warren Bros. Co.* v. *City of Cincinnati,* 92 Ohio St., 514, 112 N.E., 1087; *City of Toledo* v. *Scott,* O.S.U., 123, 23 W.L.B., 238." This position is consistent with many other jurisdictions that regard a municipal corporation as having the status of a

private person for the purposes of applying the prevailing law governing interest on general obligations. See, generally, Annotation, 24 A.L.R. 2d 928, 938; 31 Ohio Jurispurdence 2d 10, Interest, Section 6.

In two recent cases, a reinstated municipal employee has received interest on a back pay award. This court, in *State, ex rel. Dean,* v. *Huddle* (1976), 45 Ohio St. 2d 234, reversed a decision denying a reinstated municipal employee an award of back pay and then issued a writ of mandamus directing the city of Columbus to pay relator compensation for the period of his wrongful exclusion from employment, with interest at six percent. Likewise, this court affirmed an award of back pay to a reinstated municipal employee that included an award of interest in *Marshall* v. *Columbus, supra* (61 Ohio St. 2d 353). The Court of Appeals properly relied on these cases and correctly granted relator simple interest on the back pay award.

## IV.

The fourth issue presented is whether, in a mandamus action brought by a reinstated municipal employee to recover back pay, the reinstated employee is entitled to be credited with vacation days, holidays and sick leave hours he would have earned.

A similar claim was presented in the case of *Hardin* v. *Johnson* (1971), 30 Ohio App. 2d 19. In deciding whether the employee was entitled to be credited with vacation hours, the court reasoned, at page 28, that to award lost wages and also award "[a]dditional reimbursement for vacation would make the state pay twice. A writ should not enter in this circumstance." This argument is equally applicable to relator's claim for vaction hours, as well as his claims for paid sick leave hours and paid holiday hours.

In addition, the Court of Appeals reasoned in denying relator's claim that "to accept***[the claim] we would have to conclude that Crockett was so diligent and so healthy an employee that he would never have taken a vacation day, that he would have worked on every holiday and that he would not have taken one hour of sick leave during the entire four-and-one-half year period. The record does not support such a conclusion***."

This court has also carefully reviewed the record and finds that relator has failed to demonstrate that he has a clear legal right to the relief for which he prays. The Court of Appeals' decision that the relator is not entitled to credit for vacation, holiday or sick leave hours which he would have received but might not have used during the period of his discharge is affirmed.

## V.

The final issue presented is whether relator is entitled to an award of attorney fees.

The general rule in Ohio is that, absent a statutory provision allowing attorney fees as costs, the prevailing party is not entitled to an award of attorney fees unless the party against whom the fees are taxed was found to have acted in bad faith. See *Sorin* v. *Bd. of Edn.* (1976), 46 Ohio St. 2d 177; *State, ex rel. Grosser,* v. *Boy* (1976), 46 Ohio St. 2d 184.

Relator argues that respondents' refusal to honor relator's back pay claim, notwithstanding several court decisions establishing relator's entitlement to back pay, was inexcusable and demonstrates bad faith. In addition, relator claims that the frivolous nature of the defenses respondents interposed in this action confirms that respondents acted in bad faith in denying relator's claim.

The evidence presented in this case does not support relator's claim that respondents acted in bad faith. The issue of whether an employee, who had been reinstated pursuant to the provisions of R. C. 119.12, was entitled to receive a back pay award was one of first impression. Respondents' refusal to accede to relator's back pay demands merely demonstrates that counsel in this case held disparate legal views as to relator's entitlement to back pay. This, without more, does not constitute bad faith.

The evidence presented does not demonstrate that respondents acted in bad faith in contesting the amount of the back pay award. Indeed, respondents prevailed on their argument that relator was not entitled, as was demanded, to credit for paid sick leave, vacation, and holidays.

The overruling by the courts of the other defenses raised by respondents in response to relator's claim does not, in and

of itself, demonstrate respondents acted in bad faith. The record must show that each defense was raised by the respondents in bad faith. The record does not support such a conclusion. Rather, the record reveals that the respondents were just insisting upon their right to obtain a legal determination of the adequacy of their defenses.

The award of attorney fees by the Court of Appeals is thus reversed.

For the foregoing reasons, the judgment of the Court of Appeals is affirmed in part and reversed in part.

*Judgment affirmed in part*
*and reversed in part.*

CELEBREZZE, C. J., W. BROWN, P. BROWN and SWEENEY, JJ., concur.

C. BROWN, J., concurs in part and dissents in part.

LOCHER and HOLMES, JJ., dissent.

CLIFFORD F. BROWN, J., concurring in part and dissenting in part.

I dissent only from that part of the judgment of this court which reverses the Court of Appeals' judgment awarding attorney fees for relator. It is my view that this protracted litigation, generated by respondents, evidenced by two appeals and one mandamus action, with two unsuccessful, and one successful, efforts for review by this court, all pertaining to the various facets of the same subject matter, is sufficiently indicative of bad faith. Such bad faith of respondents entitles relator to the award of attorney fees.

I concur in that part of the judgment of this court which affirms the Court of Appeals.

HOLMES, J., dissenting. I must dissent, as it is my strong belief that the Court of Appeals, and now this court, is awarding the relator back pay erroneously, in that there has never been a determination that the relator was wrongfully excluded from his prior employment.

I do not differ with the majority on the basic principle of law presented that an action in mandamus is maintainable by a reinstated public employee to recover compensation due him

for a period of time during which he was wrongfully excluded from his employment, provided the amount recoverable is established with certainty. *State, ex rel. Martin,* v. *Columbus* (1979), 58 Ohio St. 2d 261; *Marshall* v. *Columbus* (1980), 61 Ohio St. 2d 353; and *State, ex rel. Colangelo,* v. *McFaul* (1980), 62 Ohio St. 2d 200.

However, the entry of judgment for the relator in this case upon appeal of his discharge was not upon the merits, but upon procedural grounds. I am in agreement that pursuant to the procedures of an appeal provided by R. C. 119.12, the failure of the agency to file the record in an appeal by the employee would mandate the entry of a judgment upon the issue of reinstatement, but this in no manner dictates the entry of judgment for back pay. This issue remains to be determined by the trial court in the matter upon appeal or, in the alternative, would be the issue upon a separate original action in mandamus seeking back pay.

Here, the Court of Appeals and the majority of this court incorrectly, in my view, conclude that when a civil service commission does not timely file the record, the discharged employee is placed in the same position as if the court had ruled in his favor upon the merits of the lawfulness of the discharge. Such cannot reasonably be the law to allow this raid upon the governmental coffers when there has been a complete absence of any showing of a governmental wrong in the discharge. In fact, the only determination upon review of the issue of the valid basis of the relator's discharge was by the civil service commission which affirmed the discharge.

This case differs materially from *State, ex rel. Colangelo,* v. *McFaul, supra,* in that the facts of that case show that after removal by the appointing authority, the discharged employee appealed to the State Personnel Board of Review, which board ordered that the removal should be disaffirmed. Thereafter, the appeal by the appointing authority was dismissed on the basis of a procedural error. In a subsequent mandamus action, the Court of Appeals reinstated the discharged employee, but failed to order back pay. Upon appeal, this court rightfully held that the Court of Appeals in the reinstatement action should award the back pay due.

As stated previously, there has been no determination in

this case at any level that the relator was improperly discharged. The procedural error of the civil service commission in not filing the record in this matter, in my opinion, does not adjudicate the issue of the wrongfulness or impropriety of the discharge of this relator.

The judgment of the Court of Appeals should be reversed, and this matter remanded to such court for an appropriate hearing upon such issue.

LOCHER, J., concurs in the foregoing dissenting opinion.