PRUDOFF *v.* LORAIN [CITY] CIVIL SERVICE COMMISSION ET AL.

98

(No. 3726 — Decided May 14, 1986.)

*James J. Corbett,* for relator.

*Edward M. Zaleski,* director of law, for respondents.

GEORGE, J. This is an original action in mandamus in which relator, Sanford Prudoff, seeks back pay and benefits for the period for which he was excluded from employment. In March 1973, Prudoff was hired as Director of Community Development for the city of Lorain. On January 2, 1980, he was dismissed from that position by the then newly elected mayor. On July 20, 1983, this court determined that Prudoff should not have been discharged without a hearing because he was a classified employee. *Prudoff* v. *Lorain Civil Ser. Comm.* (July 20, 1983), Lorain App. No. 3470, unreported.

Prudoff was not reinstated until January 1, 1984. In reinstating Prudoff, the mayor's order provided that the question of back pay was to be negotiated or decided by a court of law. Unable to reach an agreement with respondents over the amount he was owed, Prudoff brought the instant action. A review of the events occurring between Prudoff's dismissal and his reinstatement is necessary to an understanding of the present dispute.

*January 2, 1980:* Mayor Parker issued an order of dismissal to Prudoff.

*April 8, 1981:* Prudoff was convicted of seven counts of theft in office (R.C. 2921.41) and three counts of having an unlawful interest in a public contract (R.C. 2921.42).

*June 18, 1981:* The Federal Department of Housing and Urban Development ("HUD") prohibited Prudoff from working on any federally funded projects because of his state convictions.

*March 1, 1982:* Prudoff was determined to be a member of the unclassified civil service by the Lorain Civil Service Commission ("LCSC"), and therefore not wrongfully discharged.

*March 3, 1982:* The Ninth District Court of Appeals reversed nine counts of Prudoff's ten-count conviction. Prudoff appealed the remaining conviction to the Ohio Supreme Court.

*February 10, 1983:* The LCSC finding that Prudoff was an unclassified civil servant was affirmed by the Lorain County Court of Common Pleas.

*July 20, 1983:* The Ninth District Court of Appeals reversed the findings of the LCSC and the common pleas court and held that Prudoff was a classified civil servant and entitled to a hearing prior to discharge.

*July 27, 1983:* Prudoff's only remaining conviction was reversed by the Ohio Supreme Court. See *State* v. *Jacobozzi* (1983), 6 Ohio St. 3d 59, 6 OBR 103, 451 N.E. 2d 744.

*October 7, 1983:* Prudoff was reinstated to participate in federally funded projects by HUD.

*January 1, 1984:* Mayor Zahorec ordered Prudoff reinstated to his prior position effective as of the date of his dismissal on January 2, 1980.

Respondents to this action argue that Prudoff is not entitled to a writ of mandamus because he has not established his damages with certainty. *Monaghan* v. *Richley* (1972), 32 Ohio St. 2d 190, 61 O.O. 2d 425, 291 N.E. 2d 462, syllabus. State and federal law would have technically precluded Prudoff from performing his duties as director of community development from April 8, 1981 to October 7, 1983. Respondents thus maintain that Prudoff is not entitled to damages for the entire period he was excluded from employment. Therefore they ask this court to refrain from issuing the writ.

Failure to establish some of the component parts of a back-pay award does not negate the relator's right to succeed on other parts of the award or prevent those other parts from being established with certainty. *State, ex rel. Hamlin,* v. *Collins* (1984), 9 Ohio St. 3d 117, 119, 9 OBR 342, 344, 459 N.E. 2d 520, 523. Thus, Prudoff is entitled to a writ of mandamus regardless of whether he is able to establish every component of his damages. He must only satisfy the traditional three-prong test for granting such relief. This Prudoff has done.

First, without considering the question of his culpability, this court has previously determined that Prudoff was improperly discharged. See *Prudoff* v. *Lorain Civil Serv. Comm., supra.* He therefore has a clear legal right to be compensated for the period of his wrongful exclusion from employment. Second, the respondent, city of Lorain, has a clear legal duty to pay Prudoff this compensation. Third, Prudoff has no plain and adequate remedy at law. *State, ex rel. Crockett,* v. *Robinson* (1981), 67 Ohio St. 2d 363, 21 O.O. 3d 228, 423 N.E. 2d 1099.

Respondents do not deny that Prudoff is entitled to back pay and benefits. However, they disagree with Prudoff as to the period for which he should be compensated. Thus, the period of unlawful exclusion from employment is the only significant issue to be resolved.

Respondents are willing to pay Prudoff for those periods when he was not legally impaired — January 2, 1980 to April 8, 1981, and October 7, 1983 to January 1, 1984. However, respondents maintain that Prudoff was not wrongfully excluded from employment and thus not entitled to compensation during the period of his legal impairment — April 8, 1981 to October 7, 1983.

Prudoff claims that the failure of respondents to file formal charges with the LCSC in relation to his legal impairment within the time permitted by the LCSC's rules precludes them from now raising his legal impairment as a defense to payment of delinquent compensation. Paragraph eight of Prudoff's complaint for mandamus states:

"Neither respondents nor their predecessors in office have proposed charges to the Lorain Civil Service Commission involving relator and are now estopped from registering said allegations. (Rules and Regulations Lorain Civil Service Commission)."

Respondents' answer specifically admits the allegation contained in paragraph eight. Since there do not now exist any legal impediments barring Prudoff from public employment and because the respondents are estopped from asserting his prior impairment as a bar, he is entitled to back pay and benefits for the entire period of his exclusion from employment (January 2, 1980 to January 1, 1984).

This court is further persuaded in its conclusion that Prudoff is entitled to be compensated for the entire four-year period by Mayor Zahorec's order of reinstatement:

"By the authority vested in me as Mayor of the City of Lorain, I hereby rescind the Order of the office of Mayor, dated January 2, 1980, enclosed, relieving you, Sanford Prudoff, of your duties as Community Development Director of the City of Lorain. I reinstate you, Sanford Prudoff, to the position of Community Development Director's *effective the date of dismissal* in compliance with the decision of the 9th District Court of Appeals in Prudoff vs. Lorain Civil Service Commission, Case No. 3470, dated July 20, 1983, enclosed.

"The question of back pay must be

negotiated, or decided by a court of law." (Emphasis added.)

The mayor ordered that Prudoff's reinstatement relate back to the date of his dismissal. This order of reinstatement is a concession that Prudoff was improperly discharged for the entire four-year period. The order contains no exceptions, limitations, or ambiguities as to the time period covered. The intent of this executive order is clear. Furthermore, no action was taken to modify or challenge the order.

Prudoff raises two other liability questions. First, he asks that he be allowed a setoff of attorney fees and other expenses he incurred in contesting the state convictions against any income earned during the period he was excluded from employment. This setoff would effectively cancel any mitigation of damages which might be otherwise applied to the ultimate award of back pay and benefits.

Prudoff's state convictions and the costs of challenging them are tangential to this action for mandamus. The instant action is not one for malicious prosecution, but for back pay. To allow such a setoff would be the equivalent of an award of punitive damages and is unprecedented in mandamus actions.

Additionally, respondents' challenge to Prudoff's request for back pay did not constitute bad faith in light of the questionable status of the impairments. For these two reasons Prudoff is not entitled to be compensated for out-of-pocket losses and attorney fees incurred in either challenging his state convictions or bringing this action. *Hamlin, supra,* at 122, 9 OBR at 347, 459 N.E. 2d at 526.

Prudoff's second request is that interest on any back-pay award accrue from the date of his dismissal. The Ohio Supreme Court has held that interest is recoverable on an award of back pay to a reinstated municipal employee. *Crockett, supra.* The running of interest is not delayed because the debtor denies owing a debt but, rather, is delayed only where the amount is unliquidated, that is, the amount of the debt is uncertain; and, the amount remains unliquidated until the date of judgment. *Braverman* v. *Spriggs* (1980), 68 Ohio App. 2d 58, 22 O.O. 3d 47, 426 N.E. 2d 526, paragraph two of the syllabus.

Interest is recoverable on a liquidated sum. Here, there was no question between the parties that liability existed. The only question remaining at issue was the amount of the back pay to which Prudoff was entitled. Even the executive order suggested that the issue of back pay would have to be negotiated or determined by a court of law. The intervening criminal convictions and debarment by the federal government cast doubt upon the eligibility of Prudoff to receive payment during those periods. The fact that we have now resolved this conflict in Prudoff's favor does not make the damages liquidated or ascertainable prior to this decision. Thus, interest is to be calculated from the date of this judgment at the statutory rate. R.C. 1343.03(A).

Prudoff was wrongfully excluded from employment from January 2, 1980 to January 1, 1984. The time period for which respondents are liable to Prudoff is now clearly established. Having established the scope of the city's liability, this court will provide the formulae to be used in computing Prudoff's back wages and benefits.

The writ shall issue for payment of back wages and benefits using the following methods of computation:

(1) BACK WAGES:

Prudoff is entitled to those wages which he would have received had he not been excluded from employment, subject to reduction by the gross

amount Prudoff actually earned in employment income from January 2, 1980 to January 1, 1984. Prudoff's employee contribution to PERS (Public Employees Retirement System) for the period of his exclusion must be deducted from the gross wage figure and then credited to his retirement account.

(2) PERS CONTRIBUTIONS:

As noted above, Prudoff's own share of his PERS contributions shall be deducted from his gross wages. However, any employer's share of PERS contributions for the period of exclusion must be credited to his retirement account by respondent city of Lorain.

(3) HOSPITALIZATION INSURANCE:

Prudoff is entitled to any of his costs for hospitalization insurance for the period of exclusion which are provable with certainty, subject to a reduction by the amount he would have expended on a comparable city plan.

(4) ATTORNEY FEES, OUT-OF-POCKET LOSSES, AND INTEREST:

These items of compensation have already been addressed in this opinion, *supra*. Attorney fees and out-of-pocket losses sustained by Prudoff in contesting his criminal convictions are not recoverable. Further, Prudoff is not entitled to interest from the date of his dismissal. Prudoff is entitled to interest at the statutory rate of ten percent from the date of this judgment.

It is ordered that relator is entitled to back wages and benefits for the period of January 2, 1980 through January 1, 1984, to be computed in accordance with the formulae set forth in this opinion.

Judgment ordered as set forth above.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file-stamped by the clerk of the court of appeals, at which time the period for review shall begin to run. App. R. 22(E).

Costs taxed to respondents.

*Judgment accordingly.*

BAIRD, J., concurs.

QUILLIN, P.J., concurs in judgment only.