This matter came to be considered upon the filing of appellant's July 5, 2000 "Motion to Strike and to Consolidate Appeals." Appellant sought to have this appeal consolidated with Montgomery App. No. 18326 and to have this court strike appellee's motion to dismiss the appeal.
Initially, this court notes that Montgomery App. No. 18326 has been dismissed for lack of jurisdiction due to the untimely filing of the notice of appeal. Accordingly, the request to consolidate is moot.
Moreover, upon review of appellant's motion, this court finds a fatal jurisdiction flaw in this appeal. Appellant filed a notice of appeal on June 12, 2000 from the trial court's June 1, 2000 "Decision, Order and Entry Overruling Plaintiff [Appellant's] Motion for Reconsideration." Appellant sought reconsideration of the trial court's May 1, 2000 entry terminating the case through the granting of defendant's motion for summary judgment.It is axiomatic that motions for reconsideration of final judgments are a nullity at law. Pitts. v. Dept. of Transportation (1981), 67 Ohio St.2d 370[67 Ohio St.2d 378], syllabus. As such, the trial court's decision in this case is not a final appealable order pursuant to R.C. 2505.02. See, Sealy v. Davidson, etal. (June 10, 1997), Montgomery App. No. 16534 Decision and Entry.
WHEREFORE, upon due consideration IT IS HEREBY ORDERED that the above-captioned appeal is hereby dismissed for lack of an final appealable order.
IT IS SO ORDERED. WILLIAM H. WOLFF, JR., Judge MIKE FAIN, Judge FREDERICK N. YOUNG, Judge.
 ______________________ PER CURIAM: