DECISION AND JUDGMENT ENTRY
This is an appeal from the judgment of the Meigs County Court of Common Pleas, which denied Defendant-Appellant Larry McClellan's petition for post-conviction relief.
Appellant pled guilty to two crimes: breaking and entering, a fifth-degree felony in violation of R.C. 2911.13; and receiving stolen property, a fifth-degree felony in violation of R.C. 2913.51. He was sentenced to a twelve-month term for each of the crimes, which were ordered to be served consecutively.
Appellant appeals the denial of his petition for post-conviction relief, arguing that the trial court erred in not finding that his trial counsel was ineffective. Appellant maintains that, because the two crimes to which he pled guilty were allegedly allied offenses of similar import, his counsel should have objected to the imposition of consecutive sentences.
We find appellant's argument to be without merit and affirm the well-reasoned judgment of the trial court.
 I. The Proceedings Below
In June 2000, Defendant-Appellant Larry McClellan pled guilty to two crimes resulting from the burglary of a home: breaking and entering, a fifth-degree felony in violation of R.C. 2911.13; and receiving stolen property, a fifth-degree felony in violation of R.C. 2913.51.
Consequently, the Meigs County Court of Common Pleas sentenced appellant to an aggregate term of two-years incarceration: a twelve-month term for each of the crimes, to be served consecutively.
In October 2000, appellant filed a petition for post-conviction relief in which he made two arguments. First, he argued that the two crimes to which he pled guilty were allied offenses of similar import. Thus, he maintained, the trial court erred in ordering these sentences to be served consecutively.
Second, he argued that his trial counsel was ineffective because there was no objection to the consecutive sentences.
The trial court denied appellant's petition and issued findings of fact and conclusions of law. The lower court reasoned, inter alia, that appellant failed to demonstrate a successful claim of ineffective assistance of counsel and that, in any event, his claim was barred by the doctrine of res judicata.
 II. The Appeal
Appellant timely filed an appeal with this Court, assigning the following error for our review.
 LARRY McCLELLAN WAS DEPRIVED OF HIS CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL, BY TRIAL COUNSEL'S FAILURE TO OBJECT TO HIS MULTIPLE SENTENCES FOR ALLIED OFFENSES OF SIMILAR IMPORT IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENT RIGHTS, AS WELL AS HIS RIGHTS UNDER SECTION 10, ARTICLE I, OHIO CONSTITUTION.
A. The Res Judicata Doctrine
"Postconviction review is a narrow remedy, since res judicata bars any claim that was or could have been raised at trial or on direct appeal."State v. Steffen (1994), 70 Ohio St.3d 399, 410, 639 N.E.2d 67, 76; seeState v. Duling (1970), 21 Ohio St.2d 13, 254 N.E.2d 670; State v. Perry
(1967), 10 Ohio St.2d 175, 226 N.E.2d 104.
However, the Supreme Court of Ohio has recognized an exception to this general principle: a petition for post-conviction relief based on evidence dehors the record is not precluded by res judicata. See, e.g.,State v. Cole (1982), 2 Ohio St.3d 112, 443 N.E.2d 169.
Naturally, this exception too has an exception: if thedehors-the-record evidence, in support of the petition, "is only marginally significant and does not advance the petitioner's claim," thenres judicata will once again apply and serve to bar the claim. State v.Lawson (1995), 103 Ohio App.3d 307, 315, 659 N.E.2d 362, 368.
In the case sub judice, appellant argued in his post-conviction-relief petition that the trial court erred in not finding that his trial counsel was ineffective. Appellant maintains that, because the two crimes to which he pled guilty were allegedly allied offenses of similar import, his counsel should have objected to the imposition of consecutive sentences. To support this argument, appellant provided no evidence outside of the record. Rather, his argument was one based solely on the record itself.
As we have explained, absent dehors-the-record evidence, "res judicata
bars any claim that was or could have been raised at trial or on directappeal." (Emphasis added.) State v. Steffen, 70 Ohio St.3d at 410,639 N.E.2d at 76; see, generally, Ohlen, The Postconviction Review Dilemma in Ohio (1983), 44 Ohio St.L.J. 537; Note, State v. Jackson: Ineffective Assistance of Counsel (1981), 8 Ohio N.U.L.Rev. 577.
Consequently, as appellant relies solely on the record, providing nodehors-the-record evidence, we find that his proper recourse should have been by way of a direct appeal, not post-conviction relief. See State v.Wilburn (Oct. 2, 1998), Lawrence App. No. 97CA53, unreported; accord Inre Adoption of Greer (1994), 70 Ohio St.3d 293, 638 N.E.2d 999; State exrel. Bush v. Spurlock (1992), 63 Ohio St.3d 453, 588 N.E.2d 840; State exrel. Casale v. McLean (1991), 58 Ohio St.3d 163, 569 N.E.2d 475.
Accordingly, the doctrine of res judicata barred appellant's claim and the trial court properly denied appellant's petition.
B.Ineffective Assistance Of Counsel
Despite having found that the doctrine of res judicata barred appellant's petition, we will nevertheless, in the interest of thoroughness, briefly address appellant's assignment of error. See, generally, State ex rel. Simpson v. Hamilton County Court of CommonPleas (May 17, 1995), Hamilton App. No. C-940505, unreported (recognizing that "some deference may be given to appellant's pro se
representation").
1.Strickland v. Washington Analysis
In Strickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052, the United States Supreme Court set forth a two-pronged analysis, both of which must be demonstrated, for a party to be successful on a claim of ineffective assistance of counsel.
The first inquiry is whether counsel's performance fell below an objective standard of reasonable representation. See Strickland v.Washington, 466 U.S. at 687, 104 S.Ct. at 2064; accord State v. Ballew
(1996), 76 Ohio St.3d 244, 255, 667 N.E.2d 369, 380 (adopting theStrickland analysis). In Ohio, a properly licensed attorney is presumed competent and the burden is on appellant to show counsel's ineffectiveness. See State v. Lytle (1976), 48 Ohio St.2d 391, 397,358 N.E.2d 623, 627; accord State v. Hamblin (1988), 37 Ohio St.3d 153,524 N.E.2d 476.
The second prong is whether counsel's alleged ineffectiveness prejudiced appellant. See Strickland v. Washington, 466 U.S. at 687,104 S.Ct. at 2064; accord Lockhart v. Fretwell (1993), 506 U.S. 364,113 S.Ct. 838; State v. Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373. The establishment of prejudice requires proof "that there exists a reasonable probability that were it not for counsel's errors, the result * * * would have been different." State v. Bradley,42 Ohio St.3d at 136, 538 N.E.2d at 373, paragraph three of the syllabus.
Here, appellant argues that his trial counsel was ineffective because the two crimes to which he pled guilty were allied offenses of similar import and, therefore, his counsel should have objected to the imposition of consecutive sentences.
2.Allied Offenses of Similar Import
We begin by addressing the first prong of the Strickland analysis: whether counsel's performance fell below an objective standard of reasonable representation. See Strickland v. Washington,466 U.S. at 687, 104 S.Ct. at 2064. To make this determination, we must decide whether the offenses were indeed allied offenses of similar import. For, if they were not, counsel had no obligation to object to the trial court's imposition of consecutive sentences and, therefore, his performance could not have fallen below an objective standard of reasonable representation.
The Supreme Court of Ohio, in State v. Rance (1999), 85 Ohio St.3d 632,710 N.E.2d 699, stated that "R.C. 2941.25's two-step test answers the constitutional and state statutory inquiries. The statute manifests the General Assembly's intent to permit, in appropriate cases, cumulative punishments for the same conduct." State v. Rance, 85 Ohio St.3d at 633,710 N.E.2d at 701, paragraph three of the syllabus.
R.C. 2941.25 consists of the following two steps. First, the trial court must determine whether the crimes are allied offenses of similar import. See R.C. 2941.25(A). To make such a determination, the elements of the crimes are to be compared. In Rance, the Supreme Court of Ohio held that "[c]ourts should assess, by aligning the elements of each crimein the abstract, whether the statutory elements of the crimes `correspond to such a degree that the commission of one crime will result in the commission of the other.'" (Emphasis added.) State v. Rance,85 Ohio St.3d at 639, 710 N.E.2d at 705, quoting State v. Jones (1997),78 Ohio St.3d 12, 14, 676 N.E.2d 80, 81 (In so holding, the Rance Court overruled Newark v. Vazirini (1990), 48 Ohio St.3d 81, 549 N.E.2d 520, and its ensuing line of cases that held that the elements of the crimes should be compared given the facts of the case.).
Second, the trial court must determine whether the defendant may be convicted of all of the crimes. See R.C. 2941.25(B). If the defendant's conduct constitutes "two or more offenses of dissimilar import," or if the conduct results in "two or more offenses of the same or similar kind committed separately or with a separate animus as to each," then the trial court may include the counts for all of the offenses and convict and sentence the defendant of each of them. R.C. 2941.25(B).
The Ohio Revised Code defines the charged offenses in the case subjudice as follows. Breaking and entering is defined as "[n]o person by force, stealth, or deception, shall trespass in an unoccupied structure, with purpose to commit therein any theft offense, as defined in section2913.01 of the Revised Code, or any felony." R.C. 2911.13(A).
Receiving stolen property is defined as "[n]o person shall receive, retain, or dispose of property of another knowing or having reasonable cause to believe that the property has been obtained through commission of a theft offense." R.C. 2913.51(A).
The statutory elements of these crimes, when compared in the abstract, are clearly divergent. In fact, not a single element is shared by the two offenses. See, generally, State v. Hamilton (Aug. 31, 1990), Adams App. No. 474, unreported ("[B]reaking and entering is complete at the time of entry into the structure. A theft [, which is required for a receiving-stolen-property conviction,] is not necessary for a breaking and entering conviction — the purpose to commit any felony will suffice."). Moreover, the elements do not correspond to such a degree that the commission of one will necessarily result in the commission of the other.
Therefore, the two offenses are of dissimilar import and the trial court did not violate the constitutional rights of appellant by convicting and sentencing him for both offenses.
Consequently, our analysis of Strickland is complete: counsel's performance could not have fallen below an objective standard of reasonable representation because the crimes were not allied offenses of similar import.
 III. Conclusion
For the foregoing reasons, we OVERRULE appellant's sole assignment of error and AFFIRM the well-reasoned judgment of the Meigs County Court of Common Pleas.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that appellee recover of appellant costs herein taxed.
The Court finds that there were reasonable grounds for this appeal.
It is further ordered that a special mandate issue out of this Court directing the MEIGS COUNTY COURT OF COMMON PLEAS to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this Entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, P.J., and Kline, J.: Concur in Judgment Only.