The STATE ex rel. ZELLER

v.

VILLAGE OF RISINGSUN.

Court of Common Pleas of Ohio,
Wood County.

No. 02 CV 698.

Decided July 18, 2003.

Marilyn Widman, for relator.

Richard Schmidt, for respondent.

REEVE KELSEY, Judge.

{¶ 1} Pending before the court is relator's motion for summary judgment. The relator, Chris Zeller ("Officer Zeller"), filed a motion for summary judgment in this action on April 25, 2003. The respondent, village of Risingsun ("village") filed a motion in opposition to the plaintiff's motion for summary judgment on May 12, 2003. The court will now rule on this motion.

## Facts

{¶ 2} This case began November 12, 2002, with the motion for a writ of mandamus. The motion requested the village to reimburse Officer Zeller for the period in which he was wrongfully discharged from his paid position. Officer Zeller was found to have been wrongfully terminated by the village in this court's judgment entry for case No. 01 CV 486 on July 18, 2002.

{¶ 3} In the judgment entry, the court found that Officer Zeller, who was hired with a permanent paid status on November 30, 1998, was placed on a temporary auxiliary status on February 23, 2002, and then placed on permanent unpaid

auxiliary status on March 27, 2002. The court, in its judgment entry, ordered that Officer Zeller be reinstated to the position that he held prior to February 23, 2001. Therefore, the court's determination that Officer Zeller was unlawfully excluded from employment is given the res judicata effect. Officer Zeller now requests through a writ of mandamus that he receive back pay and other benefits from February 23, 2001, to the point of reinstatement.

## Standard for Summary Judgment

{¶ 4} In *Harless v. Willis Day Warehousing Co.*,[1] it was held that for summary judgment to be granted, it must appear "(1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence strongly construed in his favor."[2]

{¶ 5} In moving for summary judgment, "* * * the moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim."[3] The moving party must specifically point to some evidence of the type contemplated by Civ.R. 56(C) that affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claim. Mere conclusory assertions are not sufficient.

{¶ 6} Once the moving party has met its burden, the nonmoving party has a reciprocal burden of specificity and cannot rest on mere allegations or denials in the pleadings.[4] The nonmoving party must set forth "specific facts" by the means listed in Civ.R. 56(C), showing that a genuine issue for trial exists. The allegations and denials in the pleadings are not sufficient for this purpose.[5]

## Writ of Mandamus

{¶ 7} The first issue is whether the writ of mandamus is an appropriate remedy brought by Officer Zeller in this action for back wages. Mandamus is a

---

1. *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 8 O.O.3d 73, 375 N.E.2d 46.

2. Id. at 66, 8 O.O.3d 73, 375 N.E.2d 46. See, also, Civ.R. 56(C); *Leibreich v. A.J. Refrigeration*, Inc. (1993), 67 Ohio St.3d 266, 617 N.E.2d 1068.

3. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 296, 662 N.E.2d 264.

4. Id. at 293, 662 N.E.2d 264.

5. Civ.R. 56(E).

writ, issued in the name of the state to an inferior tribunal, a corporation, a board, or person, commanding the performance of an act that the law specifically enjoins as a duty resulting from an office, trust, or station.[6]  Yet mandamus is an extraordinary remedy that must not be issued when there is a plain and adequate remedy in the ordinary course of the law.[7]  In order for a writ of mandamus to issue, Officer Zeller must prove the following prerequisites:  (1) that he has a clear legal right to the relief requested;  (2) that the village is under a clear legal duty to perform the act;  and (3) that he has no plain and adequate remedy in the ordinary course of the law.[8]

{¶ 8} Under the first prong of the test, Officer Zeller has a clear legal right to the relief requested.  A wrongfully excluded public employee may obtain back pay and related benefits in a mandamus action following reinstatement, irrespective of whether such compensation was ordered by the agency that disaffirmed his removal.[9]  Officer Zeller was found to have been wrongfully excluded from his position and was ordered to be reinstated by this court in case No. 01 CV 486 on July 18, 2002.

{¶ 9} The village, being the one that wrongfully removed Officer Zeller, has a clear legal duty to pay the lost wages during the period of time that he was wrongfully excluded from his employment.[10]  The village argues that the subsequent order in case No. 01 CV 486 did not have back-pay language and prevents Officer Zeller from establishing that the village had a duty to pay lost wages. Although the village may follow the theory that mandamus may be used to compel wages for public employees only as a means to enforce a court or agency order, the court has issued writs of mandamus to compel compliance with orders for an employee's reinstatement.[11]  Officer Zeller, a wrongfully excluded public employee, has a right to request back pay and other benefits.  Accordingly, the

---

6.  R.C. 2731.01.

7.  R.C. 2731.05.

8.  *State ex rel. Crockett v. Robinson* (1981), 67 Ohio St.2d 363, 365, 21 O.O.3d 228, 423 N.E.2d 1099.  See, also, *State ex rel. Pressley v. Indus. Comm.* (1967), 11 Ohio St.2d 141, 40 O.O.2d 141, 228 N.E.2d 631;  *State ex rel. Natl. City Bank v. Cleveland Bd. of Edn.* (1977), 52 Ohio St.2d 81, 6 O.O.3d 288, 369 N.E.2d 1200;  R.C. 2731.05.

9.  *State ex rel. Colangelo v. McFaul* (1980), 62 Ohio St.2d 200, 16 O.O.3d 239, 404 N.E.2d 745;  *State ex rel. Boggs v. Springfield Local School Dist. Bd. of Edn.* (2001), 93 Ohio St.3d 558, 563, 757 N.E.2d 339.  See, also, *State ex rel. Hamlin v. Collins* (1984), 9 Ohio St.3d 117, 9 OBR 342, 459 N.E.2d 520.

10.  *State ex rel. Bush v. Spurlock* (1992), 63 Ohio St.3d 453, 458–459, 588 N.E.2d 840.

11.  Id. at 458, 588 N.E.2d 840.

village has a clear duty to perform the act, thus fulfilling the second prong of the test for a writ of mandamus.

{¶ 10} The village also argues that the officer has a plain and adequate remedy in the ordinary course of the law and is not entitled to a writ of mandamus. The village states that Officer Zeller could make use of an appeal, contempt charges, and/or request clarification of the judgment entry from case No. 01 CV 486. Mandamus is not a substitute for an appeal and does not lie to correct errors and procedural irregularities.[12] In this case, the court did not make a ruling on back pay; it made a ruling only as to whether Officer Zeller was unlawfully discharged. Therefore, appeal is not an adequate remedy because Officer Zeller could not appeal the order for errors or procedural irregularities.

{¶ 11} The village states that Officer Zeller had other remedies at law, such as filing a motion for contempt or a motion for clarification. A motion for contempt is brought for violating a judicial order. The court did not order back pay; therefore, a motion for contempt would be an inadequate remedy at law. Further, motions to clarify are, in effect, motions to reconsider.[13] Officer Zeller need not file a motion to reconsider a case that ordered him reinstated to his employment. Accordingly, a writ of mandamus is available to enforce the civil service laws when Officer Zeller has no adequate remedy at law to compel payment of back wages lost during an unlawful exclusion from public employment.[14]

{¶ 12} An action in mandamus is maintainable by a reinstated public employee to recover compensation due him for the period of time during which he was wrongfully excluded from his employment, provided the amount recoverable is established with certainty.[15]

### Eligibility for Back Pay

{¶ 13} Although it is clear that the writ of mandamus is the proper remedy with which to pursue back pay and benefits, the amount recoverable remains uncertain. In cases of wrongful dismissals involving public employees, there is a test to determine eligibility for back pay: (1) he must first establish

---

12. *State ex rel. Reid v. Cleveland Mun. Court* (Sept. 28, 2000), Cuyahoga App. No. 78133, 2000 WL 1466185.

13. *In re Estate of Lilley* (Dec. 20, 1999), Warren App. Nos. CA99–07–083, CA99–07–084, CA99–07–087 and CA99–07–088, 1999 WL 1239470.

14. *Bush*, 63 Ohio St.3d at 459, 588 N.E.2d 840. See, also, *Monaghan v. Richley* (1972), 32 Ohio St.2d 190, 61 O.O.2d 425, 291 N.E.2d 462.

15. *Monaghan v. Richley* (1972), 32 Ohio St.2d 190, 195–196, 61 O.O.2d 425, 291 N.E.2d 462.

that the dismissal was wrongful, then, (2) he must prove a clear right to relief by establishing the amount due with certainty.[16]

{¶ 14} The first prong of the test is an issue of liability, whether Officer Zeller was wrongfully removed from his position.[17] In case No. 01 CV 486, this court found that Officer Zeller was wrongfully terminated by the village and ordered that he be reinstated as a permanent paid member of the village of Risingsun Police Department. An order of reinstatement itself is a determination that the employee was wrongfully discharged.[18] Therefore, the first prong of the test is satisfied.

{¶ 15} The second prong of the test is an issue of damages, whether the employee must prove a clear right to relief by establishing the amount of back pay due with certainty.[19] Neither Officer Zeller nor the village has provided the court evidence as to the amount of back pay and benefits that are permitted in terms of Officer Zeller's hours and the mitigation of damages. Yet, under Civ. R. 56(C), a summary judgment may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages. Therefore the court will not be considering the issue of damages.

{¶ 16} Accordingly, partial summary judgment will be given for the first prong of test because there remain no genuine issues of material fact. As to the second prong of the test, summary judgment is denied because there is a genuine issue as to the amount of damages. The motion for summary judgment is partially granted.

### Conclusion

{¶ 17} The court has reviewed and considered all of the timely filed pleadings and affidavits in the pending case. The court has construed the evidence most strongly in favor of the party against whom the motion for summary judgment is made. Upon conclusion, the court finds that there remain no genuine issues of material facts as to the whether Officer Zeller is entitled to back pay and that reasonable minds could come to but one conclusion, being that the motion for summary judgment of relator Officer Zeller should be partially granted.

---

**16.** *State ex rel. Bednar v. N. Canton* (1994), 69 Ohio St.3d 278, 283, 631 N.E.2d 621. See, also, *State ex rel. Miller v. Logan* (Mar. 10, 1997), Hocking App. No. 94–CA–23, 1997 WL 113911; and *Smith v. Cincinnati* (Mar. 29, 1995), Hamilton App. No. C–940150, 1995 WL 132059.

**17.** Id.

**18.** *State ex rel. Crockett v. Robinson* (1981), 67 Ohio St.2d 363, 365, 21 O.O.3d 228, 423 N.E.2d 1099.

**19.** *Bednar,* 69 Ohio St.3d 278, 283, 631 N.E.2d 621.

{¶ 18} The court finds that there remain genuine issues of material fact as to the issue of the amount of back pay and benefits and that reasonable minds could not come to one conclusion and that motion for summary for judgment for Officer Zeller on the issue of damages is not granted.

{¶ 19} **IT IS THEREFORE ORDERED** that the motion for summary judgment of Officer Chris Zeller as to the village of Risingsun is hereby granted in part, and that he is entitled to be paid such back wages and benefits as are proven with certainty for the period during which he was unlawfully prevented from his employment.

{¶ 20} **IT IS FURTHER ORDERED** that the court will set this matter for evidentiary hearing to establish the amount due, if any, to Officer Zeller, on September 9, 2003, at 8:30 a.m.

Motion granted in part.

